**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| VENCE NEIL ALLEN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:24-CV-440-JVB-AZ |
| | ) |
| MICHAEL MILLER, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Vence Neil Allen, a prisoner without a lawyer, filed a complaint. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Allen alleges that, on January 3, 2024, Michael Miller, Officer Heckathorn, and Officer Capain Everage announced that they were police, they had a dog, and Allen should surrender. Allen immediately surrendered, laying face down on the ground with his arms extended. Allen alleges that the dog was ordered to attack him after he surrendered and allowed to continue to bite his arm for two minutes, resulting in significant injuries.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . .." *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018)

(quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id*. (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the Court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id*.

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id*. (brackets, internal quotation marks, and citations omitted). Giving Allen the benefit of the inferences he is entitled to at this stage of the case, he has stated a Fourth Amendment claim against Michael Miller, Officer Heckathorn, and Officer Capain Everage.

For these reasons, the Court:

(1) **GRANTS** Vence Neil Allen leave to proceed against Michael Miller, Officer Heckathorn, and Officer Capain Everage in their individual capacity for compensatory and punitive damages for using excessive force against him by allowing their K9 to attack Allen after he surrendered on January 3, 2024, in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Michael Miller, Officer Heckathorn, and Officer Capain Everage at the Goshen Police Department, with a copy of this order and the complaint (ECF 1);

(4) **ORDERS** the Chief of Police of the Goshen Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Michael Miller, Officer Heckathorn, and Officer Capain Everage to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 10, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT